IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,248-01




EX PARTE KEVIN RASHAWN WRIGHT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 19,123-A IN THE 411TH JUDICIAL DISTRICT COURT
FROM POLK COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years’ imprisonment. The Ninth Court of Appeals affirmed his conviction. Wright
v. State, No. 09-07-369-CR (Tex. App. – Beaumont, August 13, 2008, pet. ref’d.) 
            Applicant contends, inter alia that his trial counsel rendered ineffective assistance because
counsel failed to timely file a motion to sever Applicant’s trial from that of his co-defendant, failed
to request a continuance when the court granted the State’s motion to consolidate the trials, failed
to object to various improper arguments by the prosecutor including an improper comment on
Applicant’s failure to testify, failed to object to the introduction of gruesome and non-probative
autopsy pictures, failed to preserve Applicant’s rights under the Confrontation Clause by allowing
the introduction of Applicant’s co-defendant’s recorded confession at trial without objecting or
requesting redaction of references to Applicant, failed to object to an improper jury charge on self-defense, and failed to present a defense or argument incriminating Applicant’s co-defendant. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a copy of the trial record,
including any pre-trial motions and the transcript of the trial and any pre-trial hearings. The trial
court shall make findings of fact as to whether the performance of Applicant’s trial attorney was
deficient in any of the manners alleged by Applicant, and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 25, 2010
Do not publish